STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PARRIS
2023 OK 39
Case Number: SCBD-7234
Decided: 04/10/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 39, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION Complainant,
v.
JOHN EVERETT PARRIS, Respondent.

ORDER APPROVING RESIGNATION

¶1 On January 17, 2023, the Oklahoma Bar Association, notified the Court that the respondent, John Everett Parris, resigned from the Oklahoma Bar Association pending disciplinary proceedings. The disciplinary proceedings relate to six counts of ethical violations of the Rules of Professional Conduct, 5 O.S. 2011, Ch. 1, app. 3-A, that he failed to: diligently represent clients; appear at court hearings; adequately communicate with clients; perform work for fees he charged; and was cited for contempt of court resulting in serving time in the county jail.

¶2 THE COURT FINDS:

1. The respondent has voluntarily resigned from the Oklahoma Bar Association by complying with Rule 8.1 and Rule 8.2, Rules Governing Disciplinary Proceedings, 5 O.S. 2021 Ch. 1, App. 1-A. The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

2. The respondent states that he is aware of the Complaint filed in this Court on July 13, 2022, and the Amended Complaint filed on November 8, 2022 which contains six grievances against him.

3. The respondent states in his affidavit of resignation that he is aware that the allegations of conduct, if proven, would be a violation of Rules 1.1,1.2,1.3, 1.4, 1.5, 1.15, 3.3, 8.4(a)-(d) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2021, Ch. 1, App. 3-A and Rules 1.3 and 5.2 of the Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S. 2021 Ch. 1, App. 1-A and of his oath as an attorney.

4. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, Ch. 1, App. 1-A and it should be approved.

5. The official roster address of the respondent as shown by the Oklahoma Bar Association is: P.O. Box 1021, Sand Springs, OK 74063.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that John Everett Parris's resignation pending discipline be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that John Everett Parris's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, Ch. 1, App. 1-A, the respondent shall notify all of his clients having legal business pending with him within 20 days by certified mail of his inability to represent them and of the necessity for promptly retaining new counsel.

DONE BY ORDER OF THE SUPREME COURT THIS 10th DAY OF APRIL 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR

FOOTNOTES

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

Rule 1, Section 1.3 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

Rule 1, Section 1.2 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify...
(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.
d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

Rule 1, Section 1.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Rule 1, Section 1.5 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

(a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. . .

Rule 1, Section 1.15 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

Rule 3, Section 3.3 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
(4) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client.

Rule 8, Section 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;...
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice...